IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:01CR3122 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JUAN FRANCISCO OTERO- | ) | |
| FIGUEROA, also known as Chuco, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a motion under 28 U.S.C. § 2255 challenging his conviction. (Filing 229.) After initial review, I will deny the motion because it is untimely and also because it is not meritorious. Briefly, my reasons for this decision are set forth below.

## *I. BACKGROUND*

Juan Francisco Otero-Figueroa (Otero) pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine. I sentenced Otero to 210 months in prison, and 5 years of supervised release. Otero appealed.

On April 3, 2003, the Court of Appeals issued its opinion affirming Otero's conviction. (Filing 165.)[1] In that appeal, Otero's counsel moved to withdraw and submitted an "Anders" brief.

---

[1] United States v. Otero-Figueroa, 60 Fed. Appx. 645, 2003 WL 1785907 (8th Cir., Apr 03, 2003).

In the Anders brief, Otero's counsel claimed that the "District Court did not personally advise [Otero] of the nature of the charge and the minimum and maximum penalties . . ., but instead delegated that portion of the colloquy to the prosecutor." (Id., slip op. at 2.) The Court of Appeals granted the motion to withdraw, and affirmed the conviction. The Court found that there was no reason to think that Otero had been harmed by the error asserted by Otero's counsel. The Court stated:

> Otero-Figueroa did not object to this deviation from Rule 11, and there is no indication that his substantial rights were affected. See United States v. Vonn, 535 U.S. 55, —, 122 S. Ct. 1043, 1046 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain-error rule, i.e., that claimed plain error affected defendant's substantial rights). As relevant, the indictment and the plea agreement set forth the charge, and the plea agreement and guilty-plea petition set forth the possible penalties; at the guilty-plea hearing, the prosecutor recited the charge and possible penalties and described the plea agreement, and Otero-Figueroa affirmed he understood them; the prosecutor set forth the factual basis for the plea and Otero-Figueroa stated in his own words why he was guilty; and the District Court sentenced Otero-Figueroa in accordance with the statutory penalties and applicable Sentencing Guidelines. See United States v. Prado, 204 F. 3d 843, 845-46 (8th Cir.), cert. denied, 531 U.S. 1042 (2000).

(Id.)

On April 3, 2003, the Clerk of the Court of Appeals sent a letter to Otero's counsel, with a copy of the letter to the prosecutor and Otero, enclosing a copy of the opinion and apprising everyone of the time limits for seeking further review in the Court of Appeals. (Filing 167-2 (Attachment).) There record does not reflect that such review was sought.

On April 24, 2003, the Clerk of the Court of Appeals sent the Clerk of this court a letter enclosing the mandate of the Court of Appeals. (Filing 171.) A copy of that letter was also sent to the prosecutor and Otero. (Id.)

The record does not reflect that Otero took any action as a result of the April 24, 2003 letter from the Court of Appeals. The record does not reflect that Otero filed a petition for a writ certiorari with the Supreme Court.

On June 10, 2005, Otero filed the pending § 2255 motion. (Filing 229.) In that motion he sought relief based upon the alleged ineffective assistance of his prior counsel. In particular, Otero claimed that his counsel was ineffective, and prejudicially so, because the lawyer failed "to request that the district court personally advise Otero-Figueroa of the nature of the charge and the minimum and maximum penalties that could be imposed upon conviction, as required by Federal Rule of Criminal Procedure 11." (Filing 231 at 2 (Memorandum of Law submitted by Otero).)

## *II. ANALYSIS*

There are several reasons why Otero's § 2255 motion must be denied. I briefly discuss three of those reasons next.

First, Otero's § 2255 motion must be denied upon initial review because it is untimely. Otero had one year after his conviction became final to file his § 2255 motion. 28 U.S.C. § 2255 ¶(1) (The period of limitation shall run from the date on which the judgment of conviction becomes final.) Because Otero did not file a petition for a writ of certiorari, his conviction became final 90 days after the Court of Appeals issued its opinion on April 3, 2003; that is, the one-year period began to run on or about July 4, 2003. See Clay v. United States, 537 U.S. 522, 525, 532 (2003) (applying § 2255 and Supreme Court Rule 13.1, the Court held that the time for filing a § 2255 motion, for criminal defendants who do not file a petition for certiorari on direct appeal, starts to run when the time for seeking such review in the Supreme Court expires). Since Otero waited until June 10, 2005 to file his motion, his request for relief is untimely.

Otero claims that he was unaware of the Court of Appeals' decision and that his lawyer, who was granted permission to withdraw, did not advise him of the Court of Appeals' decision. He therefore suggests that his late filing be excused on equitable tolling grounds because of the misconduct of his lawyer. While equitable tolling applies in those circumstances where the lawyer's misconduct is extraordinary and the movant has exercised due diligence, see United States v. Martin, 2005 WL 1250348 (8th Cir., May 27, 2005) (lawyer repeatedly lied to client and wife about the fact of filing a § 2255 motion; after the client had checked the court's docket and discovered that no motion was filed, the lawyer advised the defendant that there was no time limit for filing such a motion), Otero's claim that he did not know about the Court of Appeals' decision is not supported by the record. On the contrary, the record shows that Otero was notified by the Court of Appeals of its decision and the issuance of the mandate. (Filings 167-2 & 171.) Thus, even if true, it is simply irrelevant that his lawyer, who by then had been granted leave to withdraw, did not tell Otero that the Court of Appeals had ruled against him. The record confirms that Otero knew or should have known of the adverse decision.

Second, Otero's § 2255 motion must be dismissed because the Court of Appeals has ruled against him on essentially the same claim he now asserts in the pending motion. Otero has merely characterized the instant claim to be one of ineffective assistance of counsel while relying on essentially the same factual and legal underpinnings addressed by the Ander's brief and the Court of Appeals' decision. A § 2255 motion does not provide Otero with an opportunity to litigate this claim twice merely by calling the new claim something different than the previous claim. See e.g.,., Bear Stops v. United States., 339 F.3d 777, 780 (8th Cir.) (despite putting a "new spin" on the arguments asserted on direct appeal, the Court of Appeals would not consider an ineffective assistance of counsel claim in a § 2255 motion because the predicate for that claim had been previously considered and denied on direct appeal), cert. denied, 540 U.S. 1094 (2003); United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (review of petitioner's ineffective assistance of counsel claim

was precluded on motion to vacate where general issue and each specific claim were previously raised and decided on direct appeal, even though issues were raised on direct appeal in a pro se brief).

Third, the files and records show that there is simply no merit to Otero's ineffective assistance of counsel claim. See, e.g., Engelen v. United States, 68 F.3d 238, 240, 241 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.")   Before Otero can obtain relief on his ineffective assistance of counsel claim, he must show two things. Id. at 241 (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).  The petitioner must show the lawyer's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. Id. "The court need not address both components if the movant makes an insufficient showing on one of the prongs." Id.

Initially, the very experienced defense lawyer in this case allowed the equally experienced magistrate judge in this case to conduct the plea-taking discussion with the defendant in a manner that complied with the essentials of Rule 11. While it is true that the magistrate judge did not directly speak with the defendant about the penalties, the magistrate judge required the Assistant United States Attorney to arraign the defendant in the presence of the magistrate judge on the charges and the judge required the prosecutor to inform the defendant of the penalties before he changed his plea. While it may have been preferable for the judge to explicitly

address the penalties with the defendant,[2] there was no harm in the approach used by the judge, particularly given the fact that the judge discussed the written petition to enter a plea of guilty[3] with the defendant and that petition contained an explicit recitation of the penalties and defendant's written assertion, confirmed under oath, that he understood those penalties.  (Compare filing 71 ¶ 13 (petition, discussing penalties[4]) with filing 76 at 5 (transcript, wherein defendant indicated in response to questions put to him by the magistrate judge after he had been sworn to tell the truth that he understood all the questions on the petition and that his answers were true).)[5] Since there could be no conceivable harm to the defendant by the approach taken by the magistrate judge, defense counsel was certainly not deficient by failing to make a hyper-technical objection to that procedure.

Moreover, if counsel's performance was somehow deficient, there is no reason to think that the result would have been different.  The record clearly establishes that the defendant knew what he was doing and there is not the slightest reason to think that if counsel had lodged a finicky objection to the procedure followed by the

---

[2] Federal Rule of Criminal Procedure 11(b)(H)&(I) provides that "the court must address the defendant personally in open court" and "[d]uring this address, the court must inform the defendant of, and determine that the defendant understands" the penalties.

[3] In the Nebraska federal district court, petitions to enter a plea of guilty must follow a court-approved format that is more than 15 pages long.  The form is printed in both English and Spanish.

[4] In addition, the written plea agreement signed by the defendant and his lawyer, which is attached to the petition, affirmatively discloses the penalties. (Filing 71, attached plea agreement).

[5] I also note that the plea transcript discloses a full discussion between the judge and the defendant regarding the defendant's constitutional rights and his waivers of those rights (filing 76 at 7-10), and it also reveals a full discussion of the alleged crime and the defendant's involvement in that crime. (Filing 76, at 21-28.)

magistrate judge that the result would have been any different. In short, the defendant was not prejudiced either by the alleged error attributed to the magistrate judge in the procedure he used to comply with Rule 11 or by counsel's failure to object to the magistrate's judge's actions.

Therefore,

IT IS ORDERED that the defendant's § 2255 motion (filing 229) and the motion for leave to proceed in forma pauperis (filing 230) are denied. By separate document, judgment will be entered for the United States of America, and against the defendant, Juan Francisco Otero-Figueroa ,providing that he shall take nothing, and his motion to vacate conviction (filing 229) is denied with prejudice.

June 16, 2005.                    BY THE COURT:

                                  *s/Richard G. Kopf*
                                  United States District Judge